[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2003
THOMAS K. KAHN
CLERK

_____

Nos. 02-11657 and 02-13797
Non-Argument Calendar

_____

D. C. Docket No. 99-01001-CV-BBM-1

THOMAS JAMES MAHONE,

Plaintiff-Appellant,

versus

WALTER S. RAY,
Chairman, Board of Pardons and Paroles,
GARFIELD HAMMOND, JR., et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(April 2, 2003)

Before CARNES, MARCUS and WILSON, Circuit Judges.

MARCUS, Circuit Judge:

Thomas James Mahone, a state court prisoner proceeding pro se, appeals the district court's denial of his motions pursuant to Fed. R. Civ. P. 60(b) for relief from judgment based on fraud and for reconsideration,[1] Fed. R. Civ. P. 11 for sanctions against Tracy D. Masters, the Director of Legal Services for the Georgia Board of Pardons and Paroles, and Fed. R. Civ. P. 56 for summary judgment. On appeal, Mahone argues that the district court erred by holding that it lacked subject matter jurisdiction over each of these motions. Appellant further asserts as a substantive matter that he is entitled to relief under Rule 60(b)(3), as appellees have breached their agreement to consider him for parole on a yearly basis, and that sanctions should be imposed against Masters for engaging in a series of misrepresentations as to whether appellant had a set discharge date and whether he would be considered for parole on a yearly basis.

---

[1]Although Mahone did not specify whether his motion for reconsideration was filed pursuant to Fed. R. Civ. P. 59(e) or 60(b), we designate it as the latter because it was not filed within 10 days of the judgment that it seeks to reopen. See Talano v. Northwestern Med. Faculty Found, Inc., 273 F.3d 757, 762 (7th Cir. 2001) ("When a motion to alter or amend a judgment under Rule 59(e) . . . is filed more than 10 days after entry of judgment[, it] automatically becomes a Rule 60(b) motion.") (citation and internal punctuation omitted); Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir. 1988) (noting this "ten day filing distinction"). Although we recognized in Finch that we previously have drawn a "substantive/collateral distinction," 845 F.2d at 258-59, pursuant to which "Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits," we also said that this is not the only potentially applicable distinction between Rule 59 and Rule 60 reconsideration motions. See id. Here, because it was not filed within 10 days of the district court's entry of judgment, Mahone's motion is cognizable only as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Accordingly, we will so construe it.

We review the district court's determination that it lacked subject matter jurisdiction de novo. See Anderson v. United States, 317 F.3d 1235, 1237 (11th Cir. 2003) ("We '[u]ndertak[e] a de novo review of the district court's dismissal for lack of subject matter jurisdiction.'" (quoting Ambassador Factors v. Rhein-, Maas-, Und See-Schiffahrtskontor GMBH, 105 F.3d 1397, 1398 (11th Cir. 1997))).

Upon thorough review of the record and careful consideration of the parties' briefs, we conclude that the district court erred in holding that it lacked subject matter jurisdiction over appellant's motions pursuant to Fed. R. Civ. P. 60(b) and 11. Accordingly, we vacate its order dismissing[2] these motions with instructions to consider their merits. By contrast, the court correctly concluded that Mahone's summary judgment motion was not justiciable, and we affirm its dismissal of this motion.

The relevant facts and procedural history are straightforward. On April 19, 1999, Mahone filed an action pursuant to 42 U.S.C. § 1983 seeking damages

---

[2]In actuality, the district court denied both of appellant's motions. However, this was improper as a procedural matter; even if the court's jurisdictional conclusion was correct, it would have lacked the power to deny the motions and instead would have been obligated to dismiss them pursuant to Fed. R. Civ. P. 12(h)(3). See Mirage Resorts, Inc. v. Quiet Nacelle Corp., 206 F.3d 1398, 1401 (11th Cir. 2000) ("[W]e conclude that the district court lacked subject matter jurisdiction to entertain Quiet Technology's motion . . . . Therefore, on receipt of our mandate, the court shall dismiss without prejudice the controversy the motion presents."). Accordingly, we will construe the district court's denials as dismissals pursuant to Fed. R. Civ. P. 12(h)(3). See also Fed. R. Civ. P. 12(b)(1).

against the Georgia Board of Pardons and Paroles (the "Board") and several of its members. He alleged that the Board had violated the Ex Post Facto Clause of U.S. Const. art. I, § 10 by changing a rule providing for yearly parole reviews and instead scheduling his parole hearings at eight year intervals. Appellant subsequently requested that the district court enter a preliminary injunction requiring appellees to consider him for parole in December, 2001. The defendants moved to dismiss the suit, noting that the Board had agreed to review Mahone's parole applications annually, and arguing that the dispute therefore had become moot. They also asserted that the Board members in their official capacities enjoyed Eleventh Amendment immunity against suits for monetary damages, and that they were entitled to qualified immunity and quasi-judicial immunity in their personal capacities. The district court agreed with all of appellees' contentions, and dismissed the suit on August 24, 2001. On September 10, 2001 Mahone filed a notice of appeal from this order of dismissal, which we designated as 01-15455.

On February 11, 2002, during the pendency of that appeal, appellant filed in the district court the aforementioned motions pursuant to Rules 11 and 60(b)(3). He argued specifically that appellees had misled the court by representing that Masters was the Director of the Board, when he actually was the Director of Legal Services for the Board, and that Masters would ensure that Mahone was

4

considered for parole on a yearly basis. Masters and the Board also allegedly deceived the court by implying that appellant had a preset discharge date, when in fact he was serving a life sentence with no such date. Based on these factual claims, Mahone argued that the district court's order dismissing his § 1983 action was predicated on fraud, and that he consequently was entitled to relief therefrom under Rule 60(b)(3). He also argued that as an officer of the court Masters was subject to Rule 11 sanctions for his misrepresentions. Based on the fact that Mahone's appeal in 01-15455 remained pending in this court, the district court found that it lacked jurisdiction to consider his post-judgment motions and denied them. On March 21, 2002, appellant filed a notice of appeal from this order, which we designated 02-11657.

On March 27, 2002, Mahone filed in the district court a motion for reconsideration of the dismissal of his two previous motions, and then on May 28, 2002 he moved for summary judgment. He argued in both of these new motions that he had proven appellees' fraud in his Rule 60(b)(3) motion. The district court found that it lacked subject matter jurisdiction over these motions as well, and dismissed them just as it had dismissed appellant's previous filings. Appellant filed a notice of appeal from this order, which we designated 02-13797 and subsequently consolidated with 02-11657. Finally, on May 13, 2002 we affirmed

the district court's dismissal of Mahone's claims, thus terminating Mahoney's original appeal, 01-15455.

As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982); Doe v. Bush, 261 F.3d 1037, 1064 (11th Cir. 2001) ("[A]s a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal."), cert. denied Kearney v. Does, 534 U.S. 1104, 122 S. Ct. 903, 151 L. Ed. 2d 872 (2002). However, it does not prevent the district court from taking action "in furtherance of the appeal." Lairsey v. Advanced Abrasives Co., 542 F.2d 928, 930 (5th Cir. 1976) (citations omitted).[3] Nor does it prevent the court from entertaining motions on matters collateral to those at issue on appeal. Doe, 261 F.3d at 1064 (citing Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir.1999)).

Consistent with these principles, we have held that district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion. As we explained in Parks v. U.S. Life & Credit Corp., "'[t]his circuit,

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

along with other circuits and the commentators, has expressly recognized power in the district court to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal.'" 677 F.2d 838, 840 (11th Cir. 1982) (quoting Lairsey, 542 F.2d at 930); see also Wilson v. Thompson, 638 F.2d 801, 803 (5th Cir. 1981) ("This circuit has decided that a district court retains jurisdiction to consider and deny a Rule 60(b) motion filed after the perfection of an appeal of the original decision.").

However, following the filing of a notice of appeal district courts do not possess jurisdiction to grant a Rule 60(b) motion. Accordingly, a district court presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion and assess its merits. It may then deny the motion or indicate its belief that the arguments raised are meritorious. If the district court selects the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion. The Sixth Circuit has described this procedure as follows:

> Where a party seeks to make a motion under Fed. R. Civ. P. 60(b) to vacate the judgment of a district court, after notice of appeal has been filed, the proper procedure is for that party to file the motion in the district court. If the district judge believes there should be relief from the judgment, the district court is to indicate that it would grant the motion. The appellant should then make a motion in this court for a remand of the case so that the district court can grant relief.

7

<u>Bovee v. Coopers & Lybrand, C.P.A.</u>, 272 F.3d 356, 359 n.1 (6th Cir. 2001) (internal citations omitted); <u>see also</u> <u>Boyko v. Anderson</u>, 185 F.3d 672, 675 (7th Cir. 1999) (same); <u>Fobian v. Storage Tech. Corp.</u>, 164 F.3d 887, 890-91 (4th Cir. 1999) (same); <u>Hoai v. Vo</u>, 935 F.2d 308, 312 (D.C. Cir. 1991) (same); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11 Federal Practice and Procedure § 2873 (2d ed. 1997) (discussing the holding of several circuits that "during the pendency of an appeal the district court may consider a Rule 60(b) motion and if it indicates that it is inclined to grant it, application then can be made to the appellate court for a remand," and concluding that "[t]his procedure is sound in theory and preferable in practice").

In this case, as explained <u>supra</u>, the district court did not consider the merits of Mahone's Rule 60(b) motions for relief from judgment and for reconsideration, but instead held that it lacked jurisdiction to do so. Based on the foregoing legal principles, this was erroneous. Accordingly we reverse its dismissal of these motions with instructions to undertake the inquiry explicated above.

The district court also enjoyed jurisdiction over appellant's Rule 11 motion. As both the Supreme Court and we have recognized, Rule 11 motions raise issues that are collateral to the merits of an appeal, and as such may be filed even after

8

the court no longer has jurisdiction over the substance of the case. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96, 110 S. Ct. 2447, 2455-56, 110 L. Ed. 2d 359 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending. . . . [An] imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."); Baker v. Alderman, 158 F.3d 516, 523 (11th Cir. 1998) ("Rule 11 motions are collateral to an action and are not barred if filed after a dismissal order, or after entry of judgment."); Didie v. Howes, 988 F.2d 1097, 1103 (11th Cir. 1993) ("[T]he [Supreme] Court has . . . [held] that a district court appropriately may impose Rule 11 sanctions in a case in which the district court subsequently is determined to have been without subject matter jurisdiction." (citing Willy v. Coastal Corp., 503 U.S. 131, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992))). Thus, the district court erred by dismissing Mahone's motion pursuant to Fed. R. Civ. P. 11 for lack of subject matter jurisdiction, and on remand should consider the merits of this motion as well.

By contrast, the court was correct in dismissing appellant's motion for summary judgment. In this motion, Mahone simply adopted the arguments set

9

forth in his Rule 60(b) motion for relief from judgment, asserting that there was no genuine factual dispute regarding the contentions set forth in the latter motion, and that as such he was entitled to summary judgment. In other words, he sought relief pursuant to Fed. R. Civ. P. 56 from the district court's final judgment of dismissal of his underlying claims. This was improper because, setting aside the fact that a notice of appeal had been filed, the district court already had entered final judgment on appellant's underlying claims. Accordingly, that judgment could properly have been attacked in the district court only by a motion pursuant to Rule 60(b) or an independent action. See Hendrick v. Avent, 891 F.2d 583, 588 (5th Cir. 1990) ("The law and policy surrounding a Rule 60(b) motion is clear that this motion was intended to be the only method of attacking a final judgment and not to be used in abundance."); Landau & Cleary, Ltd. v. Hribar Trucking, Inc., 867 F.2d 996, 1002 (7th Cir. 1989) (noting that Rule 60 "forbids motions to obtain relief from a judgment other than those made under the Federal Rules" and that aside from Rule 59(e), which is not presently applicable, the only Rule providing for relief from a final judgment is Rule 60(b)). Accordingly, appellant's summary judgment motion was an improper effort to obtain relief from a final judgment by means other than those provided by the Federal Rules of Civil Procedure.

In short, we reverse the district court's dismissal of appellant's motions under Fed. R. Civ. P. 60(b) and Rule 11 and instruct the court to consider these motions as described, <u>supra</u>.  We affirm the dismissal of Mahone's motion for summary judgment.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**