[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14606
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00371-CV-CAR-5

RENEE MCGHEE,
individually and as next of kin and
personal representative of the Estate of
Steven Johnson, and as Guardian Ad Litem
for Teundra Hollinshed; Tiffany Johnson;
Tykevia Johnson and Rashaad Jones, minors,
TEUNDRA HOLLINSHED,
a minor child,
TIFFANY JOHNSON,
a minor child,
TYKEVIA JOHNSON,
a minor child,
RASHAAD JONES,
a minor child,

Plaintiffs-Appellants,

versus

STATE OF GEORGIA,
CITY OF MACON, GEORGIA, a municipal
corporation,
BIBB COUNY, GA,
JIM WETHERINGTON, individually,
JAMES E. DONALD, in his official capacity

as Commissioner of Georgia Department
of Corrections,
ROGER STEMBRIDGE,
individually and in his official capacity
as Probation Officer for the State of
Georgia, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

**(October 26, 2006)**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Renee McGhee, on behalf of herself, the estate of her deceased son Steven

Johnson, and Johnson's children, appeals the district court's order denying her Fed.

R. Civ. P. ("Rule") 60(b) motion for relief from judgment. For the reasons that

follow, we affirm.

McGhee filed a counseled civil rights complaint alleging improper search

and seizure, due process and equal protection violations, false arrest and

imprisonment, all under 42 U.S.C. § 1983, conspiracy under 42 U.S.C. § 1985(2),

and state law claims for RICO violations, wrongful death, intentional and negligent

2

infliction of emotional distress, all relating to the arrest and death of her son Steven Johnson, and violation of the oath of office.

According to McGhee, in 2000 officers beat Johnson and threw his body in the river after Johnson escaped from police custody following his arrest for violating the terms of his probation. Johnson's body was recovered from the river about a week later. After conducting an autopsy, coroner Melissa Sims concluded that Johnson died of asphyxia due to drowning. Sims found no evidence of trauma or injury that would imply foul play or homicide. Dissatisfied with the autopsy results, McGhee had two independent examinations conducted by Drs. Frist and Posey, both of whom confirmed Sims's findings

The court dismissed several of the claims and granted summary judgment on the others. The court issued its decision on July 19, 2005.

McGhee filed her notice of appeal, but then filed a Rule 60(b) motion for relief from judgment, alleging, inter alia, that she had newly discovered evidence including a report from Dr. Henry Johnson from California challenging the veracity of the coroner's report. Henry Johnson's report was dated August 5, 2005 and was based on Sims's autopsy notes, the toxicology report, the coroner's report, the incident reports, the jury inquest, and post-mortem photographs. He concluded that the cause of death was homicide from blunt force trauma, and that there was

3

no basis for finding that death was due to accidental drowning.

The district court denied the Rule 60(b) motion,[1] finding that relief was not warranted because, applying the five-part test under Rule 60(b)(2), the report from Henry Johnson was at most cumulative and impeaching, was not based on an independent examination, and was available before the court had granted summary judgment or within the time to file a motion to amend judgment.

McGhee, now proceeding pro se, appeals the district court's decision and moves this court to supplement the record with Sims's deposition, interviews with alleged witnesses, letters from her attorneys, x-rays, photographs and newspaper articles. With regard to the interviews, articles, and letters, we deny the motion because these documents are not relevant to whether the court should have granted the Rule 60(b) motion, and that motion is all that is properly before the court. With respect to the photographs, x-rays, and deposition, this information is relevant to the Rule 60(b) issue and was submitted to the district court. Accordingly, we grant the motion with respect to these documents.

On appeal, McGhee argues that the court abused its discretion by denying

---

[1] The district court noted that because McGhee had filed her notice of appeal, the court only had jurisdiction to deny the motion on the merits. Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003). The court explained that, should the motion warrant relief, McGhee would have to seek remand from the court of appeals to return jurisdiction to the district court. Id. In an order dated Oct. 28, 2005, this court stayed the briefing schedule pending the district court's decision on the Rule 60(b) motion.

the Rule 60(b) motion to consider Henry Johnson's report because the report directly contradicted Sims's report and was relevant and probative, and she acted with due diligence to obtain evidence as quickly as possible.[2]

We review a district court's decision denying relief under Rule 60(b) for abuse of discretion.[3] <u>Waddell v. Henry County Sheriff's Office</u>, 329 F.3d 1300, 1309 (11th Cir. 2003).

This court has established a five-part test for the court to grant relief based upon newly discovered evidence under Rule 60(b)(2):

> (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result.

<u>Id.</u>; <u>Toole v. Baxter Healthcare Corp</u>., 235 F.3d 1307, 1316 (11th Cir. 2000). "A motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." <u>Toole</u>, 235 F.3d at 1316.

After a thorough review of the record, we affirm for the reasons given in the district court's order. McGhee has not established that she acted with due

---

[2] McGhee does not challenge the court's ruling with respect to a report by Dr. Carter, an additional physician who reviewed the autopsy. Therefore, she has abandoned this argument. <u>Rowe v. Schreiber</u>, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

[3] To the extent that McGhee argues the merits of the underlying action, review of a Rule 60(b) decision does not include a review of the underlying case. <u>American Bankers Ins. Co. of Fla. v. Northwestern Nat'l Ins. Co.</u>, 198 F.3d 1332, 1338 (11th Cir. 1999).

diligence, and the report is cumulative and, at most, impeaching.

Accordingly, we **GRANT IN PART** the motion to supplement the record, permitting McGhee to include the photographs, x-rays, and Sims's deposition; in all other respects, we **DENY** the motion to supplement;  and we **AFFIRM** the district court's denial of relief.