[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10136
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00208-CV-HLM-4

RANDALL M. JONES,

Plaintiff-Appellant,

versus

ANHEUSER BUSCH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 7, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

This is an employment discrimination action brought by a former Anheuser

Busch ("AB") employee, Randall M. Jones, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). In his amended complaint, Jones, represented by retained counsel, alleged that AB discriminated against him on account of his race, black, when it terminated his employment for entering the wrong produce code; white employees, who made the same mistake, were purportedly treated differently because they were white. Jones sought injunctive relief and damages.

On October 23, 2008, the district court dismissed Jones's lawsuit with prejudice, because Jones refused to comply with a discovery order directing him to respond to AB's interrogatories and requests for production, see Fed. R. Civ. P. 37(b)(2)(A)(v), and awarded AB expenses in the sum of $925.[1] Record, Vol. 1 at Tab 21. On December 18, 2008, Jones, now proceeding pro se, moved the district court for reconsideration of its October 23 order.[2] Id. at Tab 23. He sought relief from the untimeliness of his motion by stating that his attorney had not informed him of the October 23 order until December 17.[3] Id. The court denied his motion

---

[1] The court entered final judgment pursuant to the October 23 order the same day.

[2] We construe a motion for reconsideration of a final judgment that is not filed within 10 days of the entry of the judgment—which is the situation here—as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Mahone v.Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003). The motion is committed to the district court's sound discretion. Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cird. 2003).

[3] In his motion for reconsideration, Jones stated that he did not learn of the October 23 order and the entry of judgment until December 18, when AB's counsel notified him that the order and judgment had been entered. He asked the court not to "hold [him] accountable for [his] attorney's action or non action," and to "reconsider this case on grounds of faulty attorney,

2

in an order entered on December 19, 2008.  Id. at Tab 25.  After observing that Jones "voluntarily chose his lawyer, and [that] there is no indication that [the] lawyer was acting outside the scope of his authority as [Jones's] counsel" in refusing to comply with the court's discovery order, the court held that Jones was "responsible for his lawyer's actions or inactions in this case."  Id.

Jones, still proceeding pro se, appealed the October 23 order on January 6, 2009.  We dismissed the appeal as it related to the October 23 order for lack of jurisdiction, but permitted the appeal to go forward to the extent that it challenged the December 19 order denying reconsideration.[4]

A district court may dismiss a plaintiff's lawsuit suit based on his counsel's conduct—here, counsel's refusal to comply with a discovery order—because "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"  Link v. Wabash R.R. Co., 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (quotation omitted) (holding that dismissal of a suit with prejudice was within the district court's discretion based on counsel's unexplained absence at a pretrial

and let this case go forward."

[4] In addition to arguing that the court abused its discretion (in denying his motion for reconsideration) by holding him accountable for his attorney's conduct, Jones's appeal (of the denial of reconsideration) presents additional arguments for reversal.  We do not consider them, however, because they were not presented to the district court in the first instance.  Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

conference and other evidence of delay).  Given what transpired in this case, we cannot say that the district court abused its discretion in holding Jones responsible for counsel's misconduct and dismissing his case.

AFFIRMED.