[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11970
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00059-RWS


RONNIE P. DEWEESE,

                                                        Plaintiff-Appellant,

versus

JP MORGAN CHASE BANK, N.A.,

                                                         Defendant-Appellee,

JOHN DOES 1-5,
STATE FARM BANK, FSB,

                                                         Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 7, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Ronnie DeWeese, *pro se*, appeals the denial of his Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") motion to vacate, alter, or amend the judgment in his lawsuit, commenced in Georgia state court to quiet title to certain real property, and removed to federal district court, pursuant to 28 U.S.C. § 1332.  DeWeese argues that he presented new evidence which warranted granting the Rule 59(e) motion, including: (1) a limited power of attorney ("POA") naming JPMorgan Chase Bank, N.A. ("JPMorgan") as attorney-in-fact for the Federal Deposit Insurance Corporation ("FDIC") for purposes of executing certain asset transfers, (2) a settlement agreement between the FDIC and JPMorgan from an unrelated lawsuit, and (3) a complaint filed against the FDIC by JPMorgan in another unrelated lawsuit.

We review the district court's denial of a motion to alter or amend a judgment pursuant to Rule 59(e) for abuse of discretion.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact.  *Id*.  A Rule 59(e) motion cannot be used to raise arguments or present evidence that could have been offered prior to the entry of judgment.  *Id*.

2

While Rule 59(e) requires a motion to alter or amend a judgment be filed not later than 28 days after entry of judgment, Rule 60 allows a motion by a party seeking to be relieved from a final judgment to be made "within a reasonable time," but no more than a year after entry of the judgment if seeking relief on the ground of newly discovered evidence. Fed.R.Civ.P. 59(e) and 60(c). Thus, a Rule 59(e) motion based on new evidence that is filed after the statutory deadline will be construed as a motion seeking relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). *Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003).

The judgment dismissing this case was entered on November 25, 2013, but DeWeese did not file his motion for reconsideration until December 26, 2013, more than 28 days later. Consequently, the motion will be construed as a Rule 60(b)(2) motion for relief from the final judgment on the ground of newly discovered evidence. *See Mahone*, 326 F.3d at 1177 n.1.

We also review the district court's denial of a Rule 60(b)(2) motion for abuse of discretion. *Willard v. Fairfield S. Co.*, 472 F.3d 817, 821 (11th Cir. 2006). The appellant's burden on appeal from the denial of a Rule 60(b) motion is heavy. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). It is not enough that a grant of the Rule 60(b) motion might have been permissible or warranted;

3

instead, the appellant must show a justification so compelling the district judge was required to vacate the prior order. *Id*.

In order for the court to grant such a motion, the movant must show that: (1) the new evidence was discovered after the judgment was entered; (2) he had exercised due diligence in discovering that evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was likely to produce a different result. *Id*. at 824.

The district court did not abuse its discretion by denying DeWeese's motion for reconsideration. DeWeese alleged that his evidence was discovered after the judgment was entered. However, two of the proffered documents existed prior to the entry of judgment, and DeWeese failed to explain why he was unable to obtain these documents earlier. Even assuming DeWeese made diligent efforts to obtain the evidence prior to the entry of judgment, he failed to show that the evidence was material or would produce a different result. *Willard*, 472 F.3d at 821.

First, DeWeese lacked standing to challenge the validity of the assignment which transferred his security deed to JPMorgan, because he was neither a party to the assignment nor an intended third-party beneficiary. *See* GA. CODE ANN. § 9-2-20 (a) (providing that "an action on a contract … shall be brought in the name of the party in whom legal interest in the contract is vested, and against the party who made it in person or by agent"), (b) (providing that the "beneficiary of a contract

made between other parties for his benefit may maintain an action against the promisor on the contract"). Second, in the settlement agreement with the FDIC, JPMorgan did not disavow ownership of any assets which included DeWeese's security deed related to the subject property. Finally, JPMorgan did not take a position in the separately filed complaint against the FDIC that was inconsistent with the position it adopted in defending against DeWeese's lawsuit. Accordingly, the district court properly denied the motion for reconsideration because DeWeese failed to show that the new evidence warranted vacating the prior order. *See Cano*, 435 F.3d at 1342.

Upon review of the record and careful consideration of the parties' briefs, we affirm.

**AFFIRMED.**