[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12329
Non-Argument Calendar
_____

D.C. Docket Nos. 8:14-cv-00939-RAL-MAP,
8:12-cr-00301-RAL-MAP-2


SHAWN LOUIS SUTTER,

                                                    Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 20, 2017)

Before HULL, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Shawn Louis Sutter, a federal inmate proceeding *pro se*, appeals the district court's denial of his motions for leave to file an oversized Rule 60(b) motion[1] and for discovery related to his Rule 60(b) motion, both of which were filed after he appealed the district court's denial of his 28 U.S.C. § 2255 motion to vacate. In this appeal, Sutter argues that the district court erred in concluding that it lacked jurisdiction over these motions. Sutter also asks us to vacate all orders entered by the district court judge, asserting that Judge Lazzara is biased against him and has engaged in judicial misconduct. After careful review, we vacate and remand in part and dismiss in part.

## I.    BACKGROUND

Sutter pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The district court sentenced him to 240 months of imprisonment, followed by 10 years of supervised release. Sutter did not appeal this sentence. Instead, he filed, *pro se*, a motion under § 2255 challenging his sentence. The district court denied Sutter's § 2255 motion and declined to issue him a certificate of appealability ("COA").

---

[1] *See* Fed. R. Civ. P. 60(b) (permitting a district court to "relieve a party . . . from a final judgment" for certain limited reasons).

Sutter filed a notice of appeal and a motion for a COA in this Court, which this court ultimately denied.  After Sutter filed his notice of appeal, he then filed in the district court a motion for leave to file an oversized Rule 60(b) motion, to which he attached his proposed Rule 60(b) motion, and a motion for discovery in aid of the Rule 60(b) motion (together, the "post-judgment motions").  The district court denied[2] the post-judgment motions for lack of subject matter jurisdiction, citing Sutter's appeal pending with this Court.

Sutter filed a notice of appeal from the district court's denial of his post-judgment motions and a motion for reconsideration.   He also moved for leave to proceed *in forma pauperis*, which the district court denied along with Sutter's motion for reconsideration.  We denied Sutter a COA for his § 2255 motion, but granted him leave to proceed *in forma pauperis* only as to the instant appeal.

## II.    DISCUSSION

On appeal, Sutter argues first that the district court erred in denying for lack of jurisdiction his post-judgment motions, and second that this Court should vacate all orders by the district court judge because he is biased against Sutter and has engaged in judicial misconduct.  We address his arguments in turn.

---

[2] We note that the proper disposition of a motion where the court lacks jurisdiction is dismissal, not denial.

3

## A.    Post-Judgment Motions

Sutter argues that the district court retained jurisdiction to consider his post-judgment motions while Sutter's appeal was pending in this Court, and the government agrees.  The parties are correct.

We review the district court's determination that it lacked subject matter jurisdiction *de novo*.  *Mahone v. Ray*, 326 F.3d 1176, 1178 (11th Cir. 2003).  Generally, the filing of a notice of appeal deprives the district court of jurisdiction over the issues on appeal.  *Id.* at 1179.  The district court retains jurisdiction, however, to take action "in furtherance of the appeal," and over matters collateral to those issues on appeal.  *Id.* (internal quotation marks omitted).  Actions "in furtherance of the appeal" include entertaining a Rule 60(b) motion.  *Id.* at 1180.  Although the district court lacks authority to grant outright a Rule 60(b) motion once a party has filed a notice of appeal, the court can consider the merits of the motion and indicate that it is meritorious.  *Id.*  If the court indicates that the movant raised meritorious arguments, the movant can move in this Court to remand the case to the district court.  *Id.*

Because the district court could have considered the merits of Sutter's Rule 60(b) motion had it been filed, the court erred in ruling that it lacked jurisdiction to consider the merits of Sutter's post-judgment motions.  In addition, the post-judgment motions concerned matters collateral to the § 2255 appeal and thus were

4

within the district court's jurisdiction to entertain.  We vacate the court's order denying the post-judgment motions and remand with instructions to consider the motions' merits.

## B.    Judge Lazzara's Alleged Personal Bias

Sutter additionally argues that Judge Lazzara was biased against him and engaged in judicial misconduct.  Sutter lacks a COA as to his claims of bias and misconduct, however.  He asserts that this Court needs no COA to address Judge Lazzara's bias because he is not asking us to consider the merits of his Rule 60(b) motion, but instead asks that we order a remedy for Judge Lazzara's alleged judicial misconduct.  But the remedy he requests is that we vacate all orders entered by Judge Lazzara, including the denial of his § 2255 motion.  Put differently, the remedy he requests is equivalent to granting his Rule 60(b) motion.

Because the district court did not entertain the merits of Sutter's Rule 60(b) motion, it had no occasion to grant him a COA; for this same reason, nor do we.  A COA is required for any appeal of the denial of a Rule 60(b) motion.  *See Gonzalez v. Sec'y Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004).  And this requirement is a jurisdictional prerequisite to our review.  *See Miller-El v.*

5

*Cockrell*, 537 U.S. 322, 336 (2003).  Because we lack jurisdiction, this part of Sutter's appeal is dismissed.[3]

### IV. CONCLUSION

For the foregoing reasons, we vacate the district court's order denying Sutter's post-judgment motions and remand for the district court to entertain the motions' merits.  We dismiss the remainder of Sutter's appeal for lack of subject matter jurisdiction.

**VACATED AND REMANDED IN PART; DISMISSED FOR LACK OF JURISDICTION IN PART.**

---

[3] We note that Sutter filed a motion in the district court requesting that Judge Lazzara recuse while this appeal remained pending, on the ground that Judge Lazzara formed "personal bias and prejudice" against him.  Mot. for Recusal at 5 (Doc. 49).  Judge Lazzara found the allegations baseless but nonetheless recused himself from Sutter's case going forward, mooting Sutter's motion.