[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12520

Non-Argument Calendar

_____

LOUIS MATTHEW CLEMENTS,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:22-cv-00190-MAP

_____

Before BRANCH, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Louis Clements appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion to set aside the judgment. That judgment affirmed the Social Security Commissioner's denial of Clements's application for certain disability benefits. Clements previously appealed—and we affirmed—the district court's judgment. *See Clements v. Comm'r of Soc. Sec.*, No. 23-11104, 2024 WL 1509711 (11th Cir. Apr. 8, 2024). This appeal, which arises from the same case, is limited to the district court's denial of Clements's rule 60(b) motion. After careful consideration, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Clements applied for disability benefits from the Social Security Administration in 2019.[1] He claimed he was unable to work due to compressed and herniated discs, irritable bowel disease, post-traumatic stress disorder, anxiety, and sporadic pericarditis. The Commissioner denied his application. An administrative law judge affirmed that decision, and Clements appealed to the district court, which likewise affirmed the denial.[2]

---

[1] For a more detailed recounting of the underlying facts, *see Clements*, 2024 WL 1509711, at *1–3.

[2] Pursuant to 28 U.S.C. section 636(c), the parties consented to have a magistrate judge resolve the case.

Clements appealed the district court's judgment, and we affirmed. *See Clements*, 2024 WL 1509711, at *8. But before we issued that opinion, Clements returned to the district court and filed a rule 60(b) motion to set aside the district court's judgment.[3] Clements argued that the judgment should be vacated due to mistake, new evidence, and fraud. *See* Fed. R. Civ. P. 60(b)(1)–(3). The district court denied the motion and Clements timely appealed.

## STANDARD OF REVIEW

We review a district court's denial of a rule 60(b) motion for abuse of discretion. *Edward Lewis Tobinick, MD v. Novella*, 848 F.3d 935, 943 (11th Cir. 2017). A district court abuses its discretion "if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014). We consider only the denial of the rule 60(b) motion itself, and not the efficacy of the underlying judgment. *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). To prevail, Clements "must do more than show that a grant of the motion might have been warranted"—"he must demonstrate a justification for relief so compelling that the district court was required to

---

[3] After a party files a notice of appeal, "the district court retains jurisdiction to 'entertain motions on matters collateral to those at issue on appeal,' including [r]ule 60(b) motions." *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1357 (11th Cir. 2024) (alterations adopted) (quoting *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003)).

grant the motion." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (alterations adopted) (internal quotation marks omitted).

## DISCUSSION

Liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 95 (2007) (documents filed by pro se litigants are liberally construed and held to a less demanding standard than those drafted by attorneys), Clements contends that the district court abused its discretion by denying his rule 60(b) motion. He makes arguments under rules 60(b)(1), (2), and (3), respectively. We address each argument in turn.

### *Rule 60(b)(1)*

Rule 60(b)(1) allows a district court to set aside a final judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Clements argues that the judgment should be vacated because both the administrative law judge and the district court mistakenly reported the diagnoses dates for two of his conditions.

The district court rejected Clements's argument, noting that even if his assertion regarding the mistaken dates was true, he did not explain how the alleged mistakes "conceivably change[d] the result" of his case. On appeal, Clements argues that requiring him to explain how the purported mistakes affected the outcome of the proceeding holds him to "a ridiculously high legal standard." He asserts that the different dates self-evidently affect the outcome of the case. We disagree.

While we construe pro se filings liberally, "we cannot act as de facto counsel" for a pro se litigant, "or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care*, LLC, 981 F.3d 903, 911 (11th Cir. 2020). Clements offers no argument explaining how the alleged mistakes would change the outcome of the administrative proceeding, and it does not appear that they would. The administrative law judge explicitly found that Clements suffered from his claimed medical conditions during the time relevant to his application. Thus, even if Clements was diagnosed with two of his conditions earlier, such a finding would not affect the administrative law judge's decision that he did not qualify for disability benefits.

In short, Clements has not "demonstrate[d] a justification for relief so compelling that the district court was required to grant [his] motion." *Maradiaga*, 679 F.3d at 1291 (citation and internal quotation marks omitted). The district court did not abuse its discretion by rejecting Clements's rule 60(b)(1) argument.

*Rule 60(b)(2)*

Rule 60(b)(2) allows a district court to set aside a judgment based on "newly discovered evidence" that could not have been found with due diligence before the judgment was entered. Fed. R. Civ. P. 60(b)(2). To succeed, Clements must show that (1) the new evidence was discovered after the judgment, (2) he exercised due diligence to discover the evidence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence is such that a new judgment would likely produce

a different result.  *See Application of Consorcio Ecuatoriano de Teleco-municaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1274 (11th Cir. 2014).  A rule 60(b)(2) motion "is an extraordinary motion and the requirements of the rule must be strictly met."  *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000).

Clements submitted four documents to the district court that he contends are "new empirical evidence" of his complete inability to work.  These documents are:  (1) a summary from a 2016 doctor's visit in which Clements was treated for irritable bowel syndrome; (2) a summary from a 2018 doctor's visit addressing chronic back pain; (3) a 2023 questionnaire (labeled "Expert Testimony") in which Clements asked his longtime physician a number of true or false questions; and (4) a three-sentence "progress note" from a 2023 medical visit which states that Clements likely has a neurological disorder and an essential tremor.

We agree with the district court that Clements's rule 60(b)(2) arguments are "without merit."  The evidence Clements offers fails to meet rule 60(2)(b)'s strict requirements for relief.  *See JAS Forwarding (USA), Inc.*, 747 F.3d at 1274; *Toole*, 235 F.3d at 1316.

First, the two after-visit summaries are immaterial. They show only that Clements visited a doctor in 2016 for irritable bowel syndrome, and a second doctor in 2018 for back pain.  But, as noted above, the administrative law judge expressly found that Clements suffered from these conditions during the relevant period.  Despite acknowledging these conditions, the administrative law judge determined Clements was not eligible for disability benefits.  Thus,

23-12520              Opinion of the Court                    7

the summaries provide no basis for overturning the administrative law judge's findings and are immaterial. *See Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) ("To be material, the evidence must be relevant and probative so that there is a reasonable possibility that it would change the administrative outcome."). Further, both documents predate the administrative law judge's order, and Clements offers no explanation for why he did not introduce them during the administrative proceeding.

Second, the district court found that the post-order questionnaire from Clements's longtime physician did not justify relief because Clements failed to explain why he did not introduce the testimony at the administrative level, or how it would change the administrative law judge's decision. The district court noted that to the extent the questionnaire indicated Clements's symptoms had worsened since the judgment was entered, he did not show how such worsening impacted the judgment. We agree.

Clements has not shown that he exercised due diligence in obtaining the information found in the questionnaire. The doctor Clements interviewed has served as his primary care physician since 2016—well before Clements initiated his benefits application. With reasonable diligence, Clements could have interviewed his doctor before the administrative hearing and presented the doctor's opinion to the administrative law judge. *See Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1310 (11th Cir. 2003) (reasoning that plaintiffs failed to exercise due diligence in the context of rule 60(b)(2) because they neglected to depose an available witness

before the entry of summary judgment). Further, given that the administrative law judge found Clements had the conditions the questionnaire details, its introduction would not be likely to affect the outcome of the judgment.

Third, the 2023 medical "progress report" is also immaterial. *See Caulder*, 791 F.2d at 877. This three-sentence report is dated years after the administrative proceeding and indicates that Clements might have a neurological disorder and an essential tremor. Clements's current condition is not relevant to the administrative law judge's disability determination. To the extent Clements argues he now suffers from new disabilities, the district court correctly noted that his appropriate remedy would be to file a new disability application.

Ultimately, we are not persuaded that Clements's rule 60(b)(2) arguments present "a justification for relief so compelling that the district court was required to grant [his] motion." *Maradiaga*, 679 F.3d at 1291 (internal quotation marks omitted). The district court did not abuse its discretion by denying Clements's rule 60(b)(2) motion.[4]

---

[4] To the extent Clements's motion could be construed as requesting a remand under sentence six of 42 U.S.C. section 405(g), he has also not shown that the district court abused its discretion in denying that request. Sentence six permits a district court to remand a benefits application based on newly discovered evidence. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The requirements for sentence six are akin to those of rule 60(b)(2). To warrant remand, Clements needed to show (1) that there is new noncumulative evidence, (2) the evidence is material and would likely change

### Rule 60(b)(3)

"To obtain relief from a final judgment based upon fraud under [r]ule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." *Waddell*, 329 F.3d at 1309. Additionally, the movant must show that the fraud prevented him from fully and fairly presenting his case. *See Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007).

In the district court, Clements argued—based on a *Washington Post* article—that fraud was rampant throughout the Social Security Administration.[5] He extrapolated that due to this "evidence," the administrative law judge in his case must have been fraudulently rushed, overburdened, intimidated, and influenced—among other things. The district court rejected Clements's argument, finding that "he provid[ed] absolutely no evidence that any fraud occurred in his case."

On appeal, Clements contends that the district court "improperly minimized his statement of fraud." He argues that the district court held him to too high of a standard by requiring him

---

the administrative result, and (3) there is good cause for his failure to submit the evidence during the administrative proceeding. *See Caulder*, 791 F.2d at 877. As explained above, the evidence Clements offers does not satisfy these requirements.

[5] While the article Clements cites offers a critique of the current social security apparatus, it does not actually allege fraud in the system.

to explain how the alleged "fraud affected the outcome of *his* case." He asserts that the ways his case "could [have been] affected" by fraud are "self-evident."

We disagree. Clements has offered no evidence—let alone clear and convincing evidence—that either the Commissioner or the administrative law judge acted in a fraudulent manner concerning his case. Clements's allegations are nothing more than unsupported speculation. Thus, the district court did not abuse its discretion in denying Clements's rule 60(b)(3) motion.

## CONCLUSION

Clements has not shown that the district court abused its discretion by denying his rule 60(b) motion.

**AFFIRMED**.