[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2011
JOHN LEY
CLERK

No. 08-14517
Non-Argument Calendar

_____

D. C. Docket Nos. 05-23260-CV-ASG,
96-00443-CR-ASG

ELADIO ALBERTO MUNOZ,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 7, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Eladio Alberto Munoz, a federal prisoner, appeals following the denial of his habeas petition, filed pursuant to 28 U.S.C. § 2255, in which the district court granted him a certificate of appealability ("COA") on his claims of ineffective assistance of counsel and violation of *United States v. Booker*, 543 U.S. 220 (2005). Soon thereafter, Munoz filed, with the district court, several motions under Fed. R. Civ. P. 60(b) for reconsideration of the denial of his § 2255 petition, alleging conflicts of interest of both his trial and habeas counsel. The district court denied his Rule 60(b) motions, concluding that it lacked subject matter jurisdiction over the motions because the appeal of the underlying judgment was pending with this Court. Munoz appealed the denial of his Rule 60(b) motions, which we consolidated with the appeal on the denial of his § 2255 claims and granted him a COA on the issue of whether the district court erred in concluding that it lacked subject matter jurisdiction to consider Munoz's motions for reconsideration.

Essentially we have pending before us two distinct appeals. Nonetheless, because we conclude that it would be premature for us to rule on the merits of the claims raised in the COA on the denial of Munoz's § 2255 petition until after the district court has had the opportunity to rule on the merits of Munoz's Rule 60(b) motions, we will first address the COA on the motions for reconsideration.

We review the district court's determination that it lacked subject matter

jurisdiction de novo. Mahone v. Ray, 326 F.3d 1176, 1178 (11th Cir. 2003). Generally, "the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." Id. at 1179. Nonetheless, we have held that "district courts retain jurisdiction after the filing of an appeal to entertain and deny a Rule 60(b) motion." Id. at 1180 (emphasis added). However, the district court may not grant a Rule 60(b) motion while the matter is pending on appeal. Id. (emphasis added).

Accordingly, we explained in Mahone that the proper course for a district court to follow when "presented with a Rule 60(b) motion after a notice of appeal [of the underlying judgment] has been filed [is to] consider the motion and assess its merits." Id. The district court "may then deny the motion or indicate its belief that the arguments raised are meritorious." Id. If the district court finds the arguments meritorious, "the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion. Id.[1]

---

[1] Rule 62.1 was adopted in 2009, after the district court ruled on the motions for reconsideration in this case, to codify the practice that most courts had been following. Similar to our decision in Mahone, the rule provides that a district court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). If the district court indicates either that it would grant the motion or that the motion raises substantial issues, the movant must notify the court of appeals, which may remand the entire case for that purpose. Id. 62.1(b) and (c).

In this case, the government concedes, and the record confirms, that the district court erred by finding that it did not have subject matter jurisdiction over Munoz's Rule 60(b) motions. Consequently, we vacate the denial of Munoz's Rule 60(b) motions and remand proceedings to the district court for the purpose of considering Munoz's Rule 60(b) motions and either (1) deny them on their merits, or (2) indicate that the issues raised are meritorious. If the district court indicates that the issues raised are meritorious or that the motion raises a substantial issue, Munoz "must promptly notify the circuit clerk under Fed. R. App. P. 12.1," to petition for a remand to the district court.

We do not and need not reach, at this time, the merits of the ineffective assistance of counsel and Booker claims raised in the original COA, which claims will remain pending in this Court upon remand of the Rule 60(b) motions. Given that the district court may consider a Rule 60(b) motion according to the procedures outlined in Mahone, and now Rule 62.1, while at the same time the appeal of the underlying judgment may remain pending before this Court, we see no reason to remand the entire case at this time. In the event that the district court denies Munoz's Rule 60(b) motions on the merits, Munoz can appeal that denial and we can again incorporate that decision with the pending appeal and resolve all issues at that time. On the other hand, if the district court indicates that it would

4

grant the Rule 60(b) motion, we would then be free to remand the entire case for

the district court's consideration of the issues in the first instance.[2]

**VACATED IN PART, and REMANDED IN PART.**

---

[2] The advisory committee notes to Rule 62.1 also identifies an additional option for handling of a Rule 60(b) motion.  In the event that the district court finds that a motion presents complex issues which would potentially either be mooted or presented in a different context by a decision on the issues raised in the appeal, the district court may prefer to indicate that the motion raises "a substantial issue."  It may then explain the reasons why it would prefer to rule on the motion only if the court of appeals indicates that the district court's decision would be useful before it renders a decision on the pending appeal.  See Fed. R. Civ. P. 62.1 advisory committee's note.