[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14517
Non-Argument Calendar

_____

D. C. Docket Nos. 05-23260-CV-ASG,
96-00443-CR-ASG

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

*MAY 30, 2013*

JOHN LEY
CLERK

ELADIO ALBERTO MUNOZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 30, 2013)

Before BARKETT, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Eladio Alberto Munoz, a federal prisoner convicted of six felony counts, including conspiracy to commit Hobbs Act robbery, appeals the denial of his motion to vacate his conviction, filed pursuant to 28 U.S.C. § 2255. The district court granted a certificate of appealability ("COA") as to his claim of ineffective assistance of counsel, and Munoz now argues that his trial counsel was ineffective by failing to: (1) file a motion to sever his trial from other codefendants, because he was prejudiced by evidence relating to crimes for which he was not charged; (2) advise him of his right to testify at trial; (3) discuss the benefits of pleading guilty; (4) convey any plea offers made by the government; and (5) file objections to the computation of his criminal history category for including misdemeanor convictions for which he was not represented by an attorney.[1] We conclude that trial counsel did not render ineffective assistance and affirm the ruling of the district court.

Whether counsel is ineffective is a mixed question of law and fact that we review de novo. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).

---

[1] The district court also granted a COA as to Munoz's claim that his sentence was imposed in violation of Booker v. Washington, 524 U.S. 296 (2004). However, this Court has held that "Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). Thus, this claim is not properly before us and we do not consider it.

To the extent that Munoz raises a claim of prosecutorial misconduct, no COA was granted as to that claim and we therefore do not consider it.

We previously ordered a limited remand to the district court to consider Munoz's Rule 60(b) motions, Munoz v. United States, 451 Fed. App'x 818 (11th Cir. 2011), which were subsequently considered and denied. Munoz v. United States, No. 05-cv-23260 (S.D. Fla. Feb. 19, 2013).

To establish ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

As mentioned, Munoz points to five perceived failures of his trial counsel which he maintains constituted ineffective assistance. He first contends that his counsel's failure to move to sever his trial from that of his codefendants was ineffective, but his conclusory claim of prejudice from joinder is insufficient to satisfy either prong under Strickland. Joinder of Munoz's case with that of his coconspirators was appropriate under Federal Rule of Criminal Procedure 8(b), and, even now, Munoz does not articulate any risk of "actual compelling prejudice," which is required to sever the trials of properly joined defendants under Rule 14. Thus, counsel's failure to move for severance in the absence of any colorable claim of prejudice was not deficient, nor, by logical extension, could it have been prejudicial. See also, United States v. Diaz, 248 F.3d 1065, 1101 (11th Cir. 2001) (rejecting Munoz's codefendant's claim on direct appeal that he was prejudiced as a result of denial of severance by the same "spillover effect" claimed here by Munoz).

As to Munoz's claims that his counsel failed to advise him of his right to testify at trial, discuss the benefits of pleading guilty, or convey any plea offers made by the government, all three claims are belied by the record. Munoz stated to

the trial court, on the record, that he had been advised of his right to testify and that he choose not to. It is also clear from the record that no plea offer was ever extended to Munoz and there is no indication that Munoz desired to plead guilty; indeed, before the magistrate judge he maintained that under no circumstances would he ever have pled guilty. When the failures alleged are directly contradicted by the record evidence, Munoz simply cannot maintain that his counsel rendered deficient performance.

Finally, Munoz's claim that his counsel was ineffective for failing to object to the inclusion of certain prior offenses in the presentence investigation report is without merit because counsel did in fact attempt to make such an objection. After initially instructing his counsel to make no objections, at the last moment Munoz alleged to counsel that he had been unrepresented in the proceedings leading to two state court convictions included in the report. Counsel's subsequent objections were denied as untimely, with the district court expressly recognizing that the untimeliness was the result of Munoz's actions, not counsel's. Munoz's conclusory assertions to the contrary will not now sustain a claim of deficient performance.

**AFFIRMED.**

4