[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14754
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 03-00282-CR-ODE-1

TERRELL SAUNDERS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 2, 2010)

Before CARNES, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Terrell Saunders, a federal prisoner proceeding *pro se*, appeals from the district court's denial of his motion filed under Fed.R.Civ.P. 60(b), which sought relief from the court's order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On appeal, Saunders argues that the court erred by failing to construe his *pro se* motion under Rule 60(b) as being brought under Rule 60(b)(1), in addition to Rule 60(b)(6). Saunders also argues that the court erred in denying him relief under Rule 60(b)(6) because it erroneously found that post-conviction counsel's terminal illness did not constitute an extraordinary circumstance that warranted the re-opening of his § 2255 proceeding.

For the reasons set fort below, we dismiss in part, and affirm in part.

## I.

In October 2006, Saunders, through counsel, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In his motion, Saunders attacked his October 2003 convictions for possession with intent to distribute crack cocaine and using or carrying a firearm in furtherance of a drug-trafficking crime, as well as his 228-month sentence. He raised three claims alleging that he had received ineffective assistance of counsel, and one claim challenging the constitutionality of his sentence. In one of the ineffective-assistance claims, Saunders alleged that trial counsel was ineffective for failing to

2

adequately research the impact that his previous convictions could have on his sentence, and for failing to counsel him as to the true extent of his sentencing exposure. Saunders further alleged that, had counsel informed him of the true extent of his sentencing exposure, he would have accepted a plea offer, and would not have been sentenced as a career offender under the Sentencing Guidelines. Saunders supported his § 2255 motion with a brief, in which he bolstered his claims by citing to relevant legal authority. The government responded to Saunders's motion, asserting that he was not entitled to relief under § 2255. In February 2007, Saunders filed a reply brief, in which he directly addressed and rebutted several of the government's arguments.

On April 5, 2007, the district court entered an order denying Saunders's § 2255 motion. Saunders, through new counsel, filed a notice of appeal. We granted a certificate of appealability ("COA") as to the following issue: "Whether the district court erred in failing to hold an evidentiary hearing on appellant's claim that his trial counsel was ineffective for failing to investigate his criminal history and counsel him regarding career criminal status and accepting a government-offered plea deal?" We ultimately entered an opinion affirming the district court's denial of Saunders's § 2255 motion.

On May 26, 2009, Saunders, proceeding *pro se*, filed in the district court a

3

"Motion Pursuant to Rule 60(b)(6) Challenging the Integrity of the § 2255 Proceeding." In his motion, Saunders specified that he sought relief from the court's order denying him relief under § 2255. Saunders explained that the attorney who had represented him during his § 2255 proceeding, Leeza Cherniak, had passed away due to a cancerous brain tumor. He further explained that, due to this tumor, Cherniak had suffered from dizzy spells and headaches, and had also suffered from forgetfulness and an inability to focus. Saunders asserted that these symptoms had prevented Cherniak from being able to focus on the management of his § 2255 proceeding. Saunders contended that Cherniak's illness constituted an "extraordinary circumstance" that warranted the re-opening of his § 2255 proceeding. Based on the fact that Cherniak had been suffering from these symptoms during his § 2255 proceeding, Saunders requested that the court set aside its judgment denying his § 2255 motion and permit him to file a new § 2255 motion.

Saunders supported his motion with several affidavits. In his own affidavit, Saunders averred that, during the preparation of his § 2255 motion, he would often call Cherniak in order to discuss with her which issues she would raise on his behalf. Cherniak told Saunders that he had a good chance of obtaining relief, because she had obtained an affidavit from his trial counsel, in which trial counsel

4

admitted that she had made "a huge mistake" in Saunders's case. At times, when Saunders would call Cherniak, Cherniak told Saunders that she would have to call him back because she had a headache and was not feeling well. In addition, during some of their conversations, Cherniak would pause and ask Saunders to remind her of what she had been saying. When Saunders received a copy of the § 2255 motion that Cherniak had filed on his behalf, it did not include some of the arguments that they had discussed. Saunders stated that he believed that, had Cherniak been well, she would have included in his § 2255 motion the arguments that they had discussed. Saunders did not specify which claims Cherniak had failed to raise in his § 2255 motion. He did, however, mention that Cherniak did not send him a copy of his former trial counsel's affidavit.

Saunders further supported his motion with an affidavit executed by Colette Resnick Steel, an attorney who had shared an office suite with Cherniak between 2001 and 2007. Steel averred that Cherniak was diagnosed with breast cancer in October 2005. Steel explained that Cherniak received chemotherapy treatments in October 2005, underwent surgery in February 2006, and received a course of radiation treatment that ended in June 2006. By July 2006, Cherniak's cancer appeared to be in remission, and she returned to her law practice. In late January 2007, Cherniak reported that she was suffering from severe headaches. These

headaches prevented Cherniak from working or engaging in other daily activities. Cherniak subsequently discovered that cancer had spread into the area of her brain and spine, and she passed away on April 4, 2007.

Saunders also included an affidavit executed by Suzanne Hashimi, Saunders's former trial counsel. Hashimi averred that, when her investigator researched Saunders's criminal history, he found that Saunders's previous armed robbery charge had been "dead-docketed," and Hashimi had assumed that this information was correct. Accordingly, Hashimi mistakenly had informed Saunders that he faced a guideline range of eight and a half to ten years' imprisonment. In addition, she had informed Saunders that he would save himself only two years' imprisonment by pleading guilty and receiving a guideline reduction for acceptance of responsibility, as opposed to taking his case to trial.

The court denied Saunders's Rule 60(b) motion. The court first found that Saunders's motion was properly treated as a motion under Rule 60(b), and that it did not constitute an attempt to circumvent the restrictions on successive habeas petitions. The court characterized Saunders's claim as one alleging that Cherniak's illness caused her to render a deficient performance as counsel in his § 2255 proceeding, thereby compromising the integrity of the § 2255 proceeding. The court found that Saunders had failed to meet the "stringent standard" of showing

6

that Cherniak's illness constituted an "extraordinary circumstance" warranting relief under Rule 60(b)(6). In support of this finding, the court noted that a defendant does not have a right to counsel in a habeas proceeding. The court determined that a habeas petitioner attacking post-conviction counsel's performance in a motion under Rule 60(b) must show a greater degree of deficiency than is usually required to satisfy the ineffective-assistance test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, the court found that Saunders was required to show that Cherniak agreed to take his case and then abandoned it, thus depriving him of the opportunity to be heard. The court determined that such a deprivation had not occurred in Saunders's case, as Cherniak had filed a complete and competent § 2255 motion, which was supported by an 11-page brief, and had filed a reply brief that rebutted several of the government's arguments. Emphasizing that a defendant has no right to counsel in a habeas proceeding, the court concluded that Saunders's allegations that Cherniak was forgetful and suffered from headaches were insufficient to show extraordinary circumstances that warranted the re-opening of his § 2255 proceeding. The court did not address whether Saunders's claims should be considered under Rule 60(b)(1).

Saunders subsequently applied to the district court for permission to proceed

7

*in forma pauperis* on appeal. The court entered an order granting leave for Saunders to proceed *in forma pauperis* "for the limited purpose of appealing the [court's order] denying [Saunders] relief under Federal Rule 60(b)(6)." Thereafter, the court filed an additional order, noting that it had granted Saunders permission to proceed *in forma pauperis* on appeal, and finding that a COA should be granted. In this order, the court did not specify the particular question or questions for which it granted a COA.

## II.

In order to appeal the denial of a Rule 60(b) motion for relief from a judgment in a § 2255 proceeding, an appellant must first obtain a COA. *Jackson v. Crosby*, 437 F.3d 1290, 1294-95 (11th Cir. 2006). The court that issues a COA must "indicate which specific issue or issues," if any, warrant a COA. 28 U.S.C. § 2253(c)(3). Appellate review is then limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998). Here, however, the district court failed to specify which issues or issues warranted a COA.

Because the court failed to specify the issue or issues for which it granted a COA, we may do one of two things: (1) remand to the district court for enumeration of issues; or (2) retain jurisdiction and rule on those issues raised by the prisoner that we deem worthy of a COA. *See Putman v. Head*, 268 F.3d 1223,

8

1227-28 (11th Cir. 2001) (holding that the district court's failure to enumerate specific issues for review in a COA does not deprive us of appellate jurisdiction); *Moore v. Campbell*, 344 F.3d 1313, 1315 n.1 (11th Cir. 2003) (acknowledging the option of remanding for clarification, but electing to determine in the first instance which issues satisfied the COA standard). Here, Saunders raises only two issues in his brief, which have been fully briefed by both himself and the government: (1) whether the district court erred by failing to consider his claims as being brought under both Fed.R.Civ.P. 60(b)(1) and (6); and (2) whether the court abused its discretion in finding that he failed to demonstrate extraordinary circumstances warranting relief under Rule 60(b)(6). Because Saunders raises only two issues on appeal, and these issues have been briefed by the parties, we conclude that it better serves the purpose of judicial economy for us to determine, in the first instance, whether either of Saunders's arguments warrants a COA.

In order to obtain a COA, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a court can grant a COA if "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). In order to obtain a COA where the district court has denied a habeas petition on

9

procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that: (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.* at 484, 120 S.Ct. at 1604. If the petitioner fails to satisfy either prong of this two-part test, a court should deny a COA. *Id.*

Applying this standard to Saunders's arguments on appeal, we conclude that reasonable jurists would not find it debatable that the district court did not err by failing to construe Saunders's Rule 60(b) motion under Rule 60(b)(1). As a result, Saunders's argument in this regard does not warrant a COA, and we dismiss his appeal as to this issue. Reasonable jurists could, however, debate whether Saunders's motion to reopen his § 2255 proceeding under Rule 60(b)(6) was meritorious. Accordingly, we grant a COA as to this issue, and address it on the merits.

### III.

As an initial matter, we note that, where a petitioner attempts to use a motion under Rule 60(b) as a successive habeas petition attacking his conviction, the claims that he raises in the Rule 60(b) motion should be dismissed. *See Williams v. Chatman*, 510 F.3d 1290, 1294-95 (11th Cir. 2007). Nevertheless "[a] Rule

10

60(b)(6) motion in a [habeas] case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's [] conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 538, 125 S.Ct. 2641, 2651, 162 L.Ed.2d 480 (2005). Here, the district court correctly determined that Saunders's Rule 60(b) motion did not constitute an impermissible successive attack on his conviction, because he attacked the integrity of his § 2255 proceeding, and not his direct criminal proceeding.

We review for abuse of discretion a district court's order on a motion under Fed.R.Civ.P. 60(b). *Am. Bankers Ins. Co. of Fla. v. Northwestern Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). Rule 60(b)(6), or Rule 60's "catchall provision," authorizes relief "for any reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6); *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and that, "absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citation and quotation omitted). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Cano*, 435 F.3d at 1342 (quotation omitted). "Even then, whether to grant the requested relief is a matter for the district court's

11

sound discretion." *Id.* (quotation and alteration omitted). In order for an appellant to demonstrate that the court abused its discretion in denying relief under Rule 60(b), the appellant must show a justification "so compelling" that it requires that the district court vacate its order. *Id.*

A habeas petitioner does not have a constitutional right to counsel. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (held in the context of a habeas proceeding under 28 U.S.C. § 2254). As a result, a petitioner cannot claim that he was denied effective assistance of counsel in a post-conviction proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (holding that a § 2254 petitioner cannot demonstrate cause for procedurally defaulting his claims by relying on post-conviction counsel's error).

Assuming that it is true that Cherniak suffered from severe headaches and some level of distraction due to a terminal illness, this fact did not amount to extraordinary circumstances warranting the re-opening of Saunders's § 2255 proceeding. Cherniak raised four claims in Saunders's § 2255 motion, and supported these claims with a brief that appropriately cited to legal authority. In addition, Cherniak filed a reply brief that was responsive to the arguments raised in the government's response. While Saunders appeared to assert in his affidavit that Cherniak somehow overlooked the evidentiary value of Hashimi's affidavit,

12

Cherniak explained that trial counsel had admitted that she was ineffective, and requested that the district court grant an evidentiary hearing so that Saunders could establish the facts underlying his ineffective-assistance claim on the record. Based on these facts, together with the fact that Saunders had no constitutional right to counsel in his § 2255 proceeding, Cherniak's illness did not constitute an extraordinary circumstance that seriously undermined the fairness of Saunders's § 2255 proceeding. Accordingly, having granted a COA as to this issue, we now affirm on the merits the district court's order denying relief under Rule 60(b)(6).

**DISMISSED IN PART, AFFIRMED IN PART.**