In the Matter of Rita Eileen
OWENS, Debtor.

John Eason, Plaintiff,

v.

Rita Eileen Owens, Defendant.

Bankruptcy No. 12–11102–WHD.
Adversary No. 12–1046.

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

Oct. 16, 2012.

John Eason, Atlanta, GA, pro se.

Michael A. Gorove, Harmon & Gorove, P.C., Newnan, GA, for Defendant.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

Before the Court is the Motion for Leave to File an Amended Adversary Complaint filed by John Eason (hereinafter the "Plaintiff"). The Motion comes before the Court as a response to a Motion for Summary Judgment, concerning an objection to dischargeability of a debt under 11 U.S.C. § 707, filed by Rita Eileen Owens (hereinafter "Debtor" or "Defendant") on August 20, 2012. This matter arises in a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(J); 1334.

The ultimate question before the Court is whether the Plaintiff may amend his pleadings to assert an alternative theory of recovery once the Court has previously issued a final judgment in the case. Having carefully reviewed the facts, pleadings and relevant law, the Court finds that Plaintiff's Motion for Leave to File an Amended Adversary Complaint must be denied.

### PROCEDURAL HISTORY AND FINDING OF FACT

On April 16, 2012, the Defendant voluntarily petitioned this Court for relief under Chapter 7 of the Bankruptcy Code. A bankruptcy trustee was assigned, and a

creditors meeting was held pursuant to 11 U.S.C. § 341 on May 24, 2012. In accordance with Fᴇᴅ. R. Bᴀɴᴋʀ.P. 4004(a), the final date for allowing objections to discharge was set for sixty days after the Debtor's 341 meeting, July 23, 2012.

On July 23, 2012, the Plaintiff, acting *pro se,* instigated this adversary proceeding, seeking to have Defendant's Bankruptcy Petition dismissed. The Plaintiff's Complaint alleged the Defendant abused chapter 7's bankruptcy protection by both hiding income and assets and by overstating debts and expenses, resulting in the Defendant's avoiding the presumption of abuse as stated in 11 U.S.C. § 707(b)(2). The Plaintiff further contended that this avoidance combined with the timing of the Bankruptcy Petition reflected bad faith, based on a totality of the circumstances as described in 11 U.S.C. § 707(b)(3). Pl's Compl. 6.

The Defendant answered by denying the substantive portions of the Complaint and moved for summary judgment on August 20, 2012. Because the Plaintiff failed to respond within the allotted time, the Court deemed the Defendant's statement of facts as admitted, See BLR 7056–1(a)(2), and granted the Defendant's Motion for Summary Judgment on September 18, 2012, finding that the Plaintiff was statutorily barred pursuant to 11 U.S.C. § 707(b)(6) from bringing a dismissal under section 707(b). That same day, mere hours after the Court granted the Defendant summary judgment, the Plaintiff filed his Motion for Leave to File an Amended Adversary Complaint, accompanied by the Amended Adversary Complaint and the Plaintiff's Answer to Defendant's Motion for Summary Judgment. The Plaintiff's motion sought leave to add 11 U.S.C. § 727 as an alternative theory for recovery.

The Court addresses, *sua sponte,* the issue of whether the Court should grant the Plaintiff post-judgment leave to amend his Complaint. No motions nor briefs have been filed on the issue.

## ANALYSIS

### I.

The Plaintiff relies on Fᴇᴅ.R.Cɪᴠ.P. 15(a)(2) as rationale for granting his request to amend his Complaint. The significance of amending the Plaintiff's Complaint under Rule 15(a)(2) is that such an amendment will relate back to the date of the original pleading under Fed.R.Civ.P. 15(c). Thus, even though the statute of limitations for objecting to discharge has expired, if the amended pleading relates back to the date of the original Complaint, July 23, 2012, the Plaintiff's amended objection would be timely, whereas the objection, otherwise, would be barred by the sixty day statute of limitations. *See* Fᴇᴅ. R. Bᴀɴᴋʀ.P. 4004(a). Rule 15, applicable to this Court through Fᴇᴅ. R. Bᴀɴᴋʀ.P. 7015, states that a party, which cannot amend its pleading as a matter of course, may seek leave of the Court to do so; such leave should be "freely give[n] ... when justice so requires." Fᴇᴅ.R.Cɪᴠ.P. 15(a)(2). Although trial courts have broad discretion in permitting or denying leave, generally, this instruction has been liberally construed and applied within this Circuit. *Garfield v. NDC Health Corp.* 466 F.3d 1255, 1270 (11th Cir.2006) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rule requires, be freely given.") (internal citation and quotations omitted). At its core, this liberality is fundamentally premised on the "strong preference for resolving disputes on the mer-

its[,]" rather than making decisions based upon procedure or technicality. *United States v. Cook*, 2012 WL 1344329, *2 (N.D.Fla.2012).

■ However, Rule 15(a), "by its plain language, governs amendment of pleadings *before* judgment is entered." *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir.2010) (emphasis in the original). The title of Rule 15(a), itself, specifically represents that it addresses "Amendments Before Trial[,]" FED.R.CIV.P. 15(a), which implies that such amendments are pre-judgment. Additionally, the Eleventh Circuit and the district courts, therein, are unified in articulating that Rule 15(a) "has no application *after* judgment is entered." *Jacobs*, 626 F.3d at 1344(emphasis in the original); *see also U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n. 22 (11th Cir.2006) ("Fed.R.Civ.P. 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant") (citing *Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL–CIO*, 724 F.2d 1552, 1556 (11th Cir.1984)); *Robbins v. Scana Energy Marketing, Inc.*, 2008 WL 7724172, *3 (N.D.Ga.2008) (same); *Johnson v. Mobile Cnty. Sheriff Dep't*, 2007 WL 2343801, *3 (S.D.Ala.2007) ("The liberal Rule 15(a) standard for amending pleadings has no application where a final decision disposing of the entire case on the merits has been entered."). Once a judgment becomes final, the preference toward resolving disputes on the merits is tempered by conflicting policies favoring finality and expeditious termination to litigation. *Cook*, 2012 WL 1344329, at *2; *Johnson*, 2007 WL 2343801, at *3. In this case, Defendant moved for summary judgment on a set of undisputed facts, which the Court granted. Acknowledging that a final judgment tempers the rationale behind Rule 15, the Plaintiff may not seek leave to file an amendment in this case without first confronting the policies inherent with the issuance of that final judgment.

■ The drafters of the rules created Fed.R.Civ.P. 59(e) and 60(b) specifically as a mechanism for litigants to obtain post-judgment relief. *Johnson*, 2007 WL 2343801, at *3. The application of Rule 15's liberal amendment policy post-judgment would only act to make these more circumscribed provisions superfluous. *Id.* Consequently, the Court cannot imagine that the drafters intended such a construction to the Rules. Therefore, it is necessary that litigants utilize the appropriate channel of Rule 59(e) or Rule 60(b) for directing their requests for post-judgment relief. This Court is not alone in requiring a litigant to first procure relief from the judgment under Rule 59(e) or Rule 60(b) before being permitted to seek leave from the court to amend its pleadings. *McInteer*, 470 F.3d at 1361 n. 22 ("Post-judgment, the Plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or rule 60(b)(6).") (citing *Czeremcha*, 724 F.2d at 1556; *Ahmed v. Dragovich*, 297 F.3d 201, 207–209 (3rd Cir.2002); *Lindauer v. Rogers*, 91 F.3d 1355, 1356 (9th Cir.1996)); *Robbins*, 2008 WL 7724172, at *3 (same); *see also Cook*, 2012 WL 1344329, at *2 ("As a procedural matter, a party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b).") (internal quotations omitted) (citing *Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2nd Cir.1991) ("Unless there is a valid basis to vacate a previously entered judgment, it would be contradictory to entertain a motion to amend the complaint.")). Accordingly, because the Plaintiff has moved the Court subsequent to the issuance of the Order, the Court intends to treat the Plaintiff's motion to

amend, and the other concerted documents, as a motion for relief under Rule 59(e) and Rule (60)(b).

## II.

Rule 59(e) authorizes a court to amend its own judgment, whereas Rule 60(b) empowers the Court to grant a litigant relief from a judgment. FED.R.CIV.P. 59 & 60. These rules function similarly to one another, and often it is unclear whether a situation should be governed by one or the other. *Brown v. Spells*, 2011 WL 4543905, *1 (M.D.Ga.2011). Eleventh Circuit case law reveals two methods by which a court may determine which rule is appropriate. *See Mahone v. Ray*, 326 F.3d 1176, 1178 n. 1 (11th Cir.2003).

■■ First, the Eleventh Circuit has said that a "substantive/collateral distinction" can dictate which rule is most proper. *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir.1988). Because a party seeks to amend the judgment under Rule 59(e), such a motion acts as a request for reconsideration of the actual substantive decision in the case. *Finch*, 845 F.2d at 258 ("Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits."). Logically, Rule 60(b) applies wherever Rule 59(e) does not. Currently, the motion before the Court seeks to add to the Plaintiff's Complaint an additional theory of recovery, which was not before the Court at the time it rendered its decision. As a result, it is appropriate to analyze the Plaintiff's motion under Rule 60(b).

However, the Eleventh Circuit's second method for determining the applicable Rule suggests that the Court look at the lapse in time between the issuance of the judgment and the motion for relief therefrom. *Mahone*, 326 F.3d at 1178 n. 1. Rule 59(e) provides a twenty-eight day window for requesting an amendment to the Court's judgment. FED.R.CIV.P. 59(e). Because Rule 60(b) does not establish a period of time for seeking relief, some courts interpret Rule 59(e)'s time period as instructive, and therefore, these courts consider *any* motion seeking relief from a judgment that is filed within this twenty-eight day window under Rule 59(e)'s framework. *See e.g. Mahone*, 326 F.3d at 1178 n. 1. In this case, the Plaintiff submitted his motion within hours of the Court's judgment being issued and well within the twenty-eight day period provided by Rule 59(e). Ergo, it also seems appropriate to examine the Plaintiff's motion under Rule 59(e). Consequently, finding that both methods are suitable for consideration in this case, the Court will examine the motion, and its accompanying documents, as a request for relief under both frameworks.

## A.

■■ As discussed above, a Rule 59(e) examination reassesses the substance of the judgment. The Court may only amend its judgment if it determines that the crux of its ruling was clearly erroneous. In *Jacobs*, the Eleventh Circuit observed that "the only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir.2010). Consequently, the purpose of Rule 59 is not to "raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.; Brown v. Spells*, 2011 WL 4543905, *1 (M.D.Ga.2011) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008)).

■ Plaintiff's proposed amendment and other collective documents modify the original Complaint a total of three times. Each individual amendment merely applies the exact same factual accusations from

the original Complaint to the Plaintiff's new theory of law. The Plaintiff presents the Court with absolutely no newly-discovered evidence within these documents. The Plaintiff could have raised this new theory at any time prior to judgment being rendered. In fact, the Plaintiff had nearly two months from the date he instigated these proceedings to the date that the Court entered its judgment to do so. However, his failure to raise this new claim prior to the Court's judgment precludes him from presently seeking relief from that judgment under Rule 59(e) for the sole purpose of asserting it now. Furthermore, the Court is confident that its order granting summary judgment avoided any manifest error in applying the undisputed facts in this case to the relevant law. Accordingly, for these reasons, the Court must deny the Plaintiff relief under Rule 59(e) for the purpose sought.

### B.

Rule 60(b) provides a limited set of circumstances from which a party may seek relief from a final judgment, order or proceeding:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud ..., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged ...;

(6) any other reason that justifies relief.

FED.R.CIV.P. 60(b). The first five (5) of Rule 60(b)'s circumstances are inapplicable to the current case. However, the Court finds it necessary to address whether the Plaintiff is entitled to relief from the judg-ment based upon a justifiable "other reason."

Rule 60(b)'s catchall provision is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances, and that absent such relief, an extreme and unexpected hardship will result." *Saunders v. United States,* 380 Fed.Appx. 959, 964 (11th Cir.2010). The Plaintiff has shown the Court no exceptional reason, and the Court has been unable to glean from the submitted documents any such reason, for invoking the Rule's catchall provision. Moreover, the Court finds it difficult to believe that an extreme hardship will arise by denying the Plaintiff's motion. The Plaintiff's claim in this bankruptcy case is for approximately $5,000.00. Certainly, the recoupment of this amount would be more than agreeable to the Plaintiff, but there has been no indication that the absence of the aforementioned recoupment would result in extreme hardship, such as the destitution of the Plaintiff or the inevitability of the Plaintiff's seeking bankruptcy protection. As stated above, Rule 60(b) provides limited circumstances in which the Court may grant a party relief, and because the Plaintiff has failed to advance a sufficient justification for permitting the amendment, the Court finds that it must deny the Plaintiff relief under Rule 60(b).

### III.

Since the Plaintiff has been unsuccessful in acquiring relief from the judgment under Rule 59(e) or Rule 60(b), the Court finds that it must deny Plaintiff's request to amend his Complaint. Whatever the merits of Plaintiff's amendment, such a request cannot be allowed unless and until the judgment is amended or vacated under Rule 59(e) or Rule 60(b). *United States v. Cook,* 2012 WL 1344329, *3 (N.D.Fla.2012).

### *CONCLUSION*

For the reasons stated above, the Plaintiff's Motion for Leave to File an Amended Adversary Complaint is **DENIED.** It is so **ORDERED.**