**Bobby Jean McKISSICK,**
**Plaintiff–Appellant,**

**v.**

**Donald BUSBY; City of Millbrook, Alabama; James Owens; Arvil Minor; Walter Hubbard, Defendants–Appellees.**

**No. 90–7013**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 22, 1991.

Bobby Jean McKissick, pro se.

Joe C. Carroll, Clark & Scott, Birmingham, Ala., for defendants-appellees.

Before TJOFLAT, Chief Judge, HATCHETT and DUBINA, Circuit Judges.

PER CURIAM:

This case is remanded to the district court because the district court erred by holding that the appellant's claim was barred by the statute of limitations.

FACTS AND PROCEDURAL HISTORY

On March 24, 1989, Bobby McKissick filed a complaint under 42 U.S.C. § 1983, alleging that officers of the Millbrook, Alabama, police department violated his constitutional rights when they arrested him June 11, 1984, for manufacture of and possession with intent to distribute marijuana. He named as defendants the City of Millbrook; Donald Buzbee (designated as Donald Busby in the complaint), the police chief; and James Owens, Arvil Minor, and

Walter Hubbard, police department employees (collectively, the city).

McKissick alleged that upon his arrest, police officers brought him to the Millbrook police department where Minor and Busby ordered him to drink wine, and that when he began to feel the effects of the alcohol, all of the individual defendants forced him to sign a consent form allowing police to search his car and home. He also alleged that the city refused to provide him with his heart medication or food during the nine hours that he was in custody, and that this left him feeling ill and in pain. McKissick seeks monetary damages from the city.

The city moved for summary judgment on the merits and also argued that the statute of limitations had expired on McKissick's claim. The district court ordered McKissick to respond to the motion, and he filed a document realleging the facts of his complaint. The magistrate judge recommended that the district court grant the city's motion on the ground that the statute of limitations had expired. In the recommendation, the magistrate judge did not construe the document McKissick filed as a response, but based his decision on the complaint and the city's motion. McKissick did not object to the report and recommendation, and the district court adopted it.

## DISCUSSION

■ The only issue we discuss is whether the district court erred in granting summary judgment to the city on the ground that the statute of limitations barred McKissick's claim. We independently review the district court's ruling concerning the applicable statute of limitations. *See Baker v. Gulf & Western Industries*, 850 F.2d 1480 (11th Cir.1988).

■ Although McKissick did not directly address the statute of limitations question on appeal, we assume that he did raise the issue because it was the sole ground for the district court's grant of summary judgment. The city contends that a one-year statute of limitations was in effect on McKissick's claim on the date the alleged incident occurred, and that because McKissick did not file his claim until more than five years after the alleged incident, the claim is time barred.

On the date of the alleged incident, no set statute of limitations for section 1983 actions existed; instead, federal courts utilized the state's most analogous common law cause of action, and applied its statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 267–68, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). When McKissick's claim arose, the analogous Alabama statute of limitations was the one-year statute for trespass on the case, found in Alabama Code § 6-2-39(a)(5) (Michie 1977). Before one year had passed on McKissick's claim, the Alabama Legislature repealed Alabama Code § 6-2-39 effective January 9, 1985, and changed the statute for McKissick's cause of action to two years. Ala.Code § 6-2-38(*l*) (Michie Supp.1990). The district court failed to note that the one-year statute was repealed.

The applicable statute of limitations is generally the one in effect at the time the claim is filed, not at the time the cause of action arose. *Tyson v. Johns–Manville Sales Corp.*, 399 So.2d 263, 269 (Ala.1981). Although courts will not apply this principle to revive a cause of action which is already time barred prior to the effective date of the new statute, McKissick's cause of action was still viable at the time the statute of limitations was extended. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1484 (11th Cir.1989) (en banc) (*Jones II.*) Therefore, the new two-year statute would have applied to McKissick's claim.

The statute of limitations issue becomes more complicated because on June 21, 1985, before the two-year period created by Alabama Code § 6-2-38(*l*) expired, we held that the proper statute of limitations for a section 1983 action arising in Alabama was six years. *Jones v. Preuit & Mauldin*, 763 F.2d 1250, 1256 (11th Cir.1985) (*Jones I*), *cert. denied*, 474 U.S. 1105, 106 S.Ct. 893, 88 L.Ed.2d 926 (1986). Further complicating the issue, in 1989, two months prior to the date McKissick filed his claim, the Su-

preme Court indicated in *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), that the holding in *Jones I* was incorrect, and that the applicable statute of limitations for Alabama section 1983 cases is two years. *See Owens,* 488 U.S. at 246 n. 9, 109 S.Ct. at 580 n. 9. *See also Jones II,* 876 F.2d at 1483.

Because *Owens*'s two-year statute of limitations was in effect at the time McKissick filed his complaint, McKissick's claim is timely only if the holding in *Owens* is not applied retroactively to his case, and the *Jones I* six-year limitation period is applied instead. In determining whether an opinion should be denied retroactive effect, we consider (1) whether the decision establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether retroactive application will enhance or inhibit the purpose behind the rule established by the new decision; and (3) whether retroactive application would be inequitable. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971).

Applying the *Chevron Oil* test, it appears that *Owens* overruled the clear precedent established in *Jones I.* Additionally, it would be inequitable to apply the holding in *Owens* to bar McKissick's claim. McKissick did not file his complaint until after *Jones I* had been decided, and could have relied on the precedent set by *Jones I* in waiting over five years to do so. We conclude that *Owens* does not retroactively bar McKissick's claim. *See Kimbrough v. Bowman Transportation, Inc.,* 920 F.2d 1578, 1582–83, *vacated on other grounds,* 929 F.2d 599 (11th Cir.1991).

■ The city also contends that because McKissick failed to submit sworn testimony in response to its affidavits rebutting his version of the facts, the district court's grant of summary judgment can be upheld on substantive grounds. Because the district court granted summary judgment solely on statute of limitations grounds, it did not address whether any genuine issues of material fact remained. As a general rule, we will not consider issues which the district court did not decide. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.1991). Thus, we remand to give the district court an opportunity to determine this issue.

## CONCLUSION

For the above reasons, we reverse and remand for proceedings consistent with this opinion.

REVERSED and REMANDED