[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10817

Non-Argument Calendar

_____

WILLIE DISHON OBADIAH,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:20-cv-24229-BB,
1:19-cr-20321-BB-1

———————————

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Willie Dishon Obadiah appeals the district court's order dismissing for lack of jurisdiction his Federal Rule of Civil Procedure 60(b) motion to reopen his 28 U.S.C. § 2255 proceedings. The government concedes that the district court erred in concluding that it lacked jurisdiction to rule on his motion but argues that Obadiah abandoned the relevant issue and that we should affirm on an alternative basis. Because Obadiah did not abandon this issue and because the district court had jurisdiction, we reverse the district court's dismissal and remand the case for the district court to consider the motion's merits in the first instance.

A certificate of appealability is not required to appeal the district court's dismissal of a Rule 60(b) motion for lack of subject matter jurisdiction. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004)). "Instead, we may review such a dismissal as a 'final decision' under 28 U.S.C. § 1291." *Id*. Moreover, we have an obligation to *sua sponte* assure ourselves of our own jurisdiction and the jurisdiction of a lower court we are reviewing. *See Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1351 (11th Cir. 1998). We review the district court's legal conclusions about jurisdiction *de novo*. *See Calderon v. Baker Concrete Constr., Inc.*, 771 F.3d 807, 810 (11th Cir. 2014).

An appellant abandons an issue by failing to challenge it on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994). An appellant also abandons a claim when he presents it through only "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "[S]imply stating that an issue exists," without more, "constitutes abandonment of that issue." *Id.* (quoting *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009)). But we read briefs filed by *pro se* litigants liberally. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

"[P]arties cannot waive [or forfeit] subject matter jurisdiction." *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999). And even if this issue could be abandoned, we do not read Obadiah's *pro se* brief to abandon it because Obadiah clearly stated in his brief that he is seeking review of the district court's jurisdictional ruling on his Rule 60(b) motion and argued that point in this Court with citations to case law in his response to the government's motion for summary affirmance. Thus, we address this jurisdictional point.

Generally, "the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). But this rule does not prevent the district court "from entertaining motions on matters collateral to those at issue on appeal," *id.*, or acting "in furtherance of the appeal," *id.* (quoting *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)). Thus, although a district court cannot grant a Rule 60(b) motion after a notice of appeal has been filed,

"district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion." *Id.* at 1180.

Therefore, we have explained that a district court should consider a Rule 60(b) motion presented after a notice of appeal has been filed and assess its merits. *See id.* If the district court wants to deny the motion, it has jurisdiction to do so. *See id.* If the district court wants to grant the motion, it can indicate its belief that the arguments raised therein are meritorious after which the movant may petition us for remand. *See id.* After we remand and confer full jurisdiction on the district court, it may grant the motion. *See id.*

Here, as the government concedes, the district court erred in concluding that it lacked jurisdiction. The district court had jurisdiction to consider the merits of Obadiah's motion and deny it or indicate that it wished to grant it. *See id.* at 1179–80. While we may affirm on any basis supported by the record, *see Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1433 n.9 (11th Cir. 1998), we generally won't consider issues the district court did not decide, *see MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1306 (11th Cir. 2022) (quoting *McKissick v. Busby*, 936 F.2d 520, 522 (11th Cir. 1991)) (citing *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000)). Because the district court dismissed the motion for lack of jurisdiction and did not address its merits, we decline to consider the merits as an alternative basis for affirmance.

As in *Mahone v. Ray*, 326 F.3d 1176 (11th Cir. 2003), we **REVERSE** the district court's dismissal of Obadiah's Rule 60(b) motion and **REMAND** the case to the district court with

23-10817              Opinion of the Court                    5

instructions to consider the merits of that motion in the first instance. *See id.* at 1181.