**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13371
Non-Argument Calendar
_____

BRADLEY WAYNE MOORE,

*Plaintiff-Appellant,*

*versus*

CITY OF FORT WALTON BEACH,
    Municipality,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:25-cv-00656-MCR-ZCB
_____

Before BRANCH, ANDERSON, and WILSON, Circuit Judges.

PER CURIAM:

Bradley Moore appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging *Brady*[1] and *Giglio*[2] violations by the City of Fort Walton Beach ("the City"). Moore argues that the district court erred in dismissing his claims because they were barred by the doctrine of res judicata.[3] He also argues that the district court erred when it dismissed his complaint for failure to state a claim.

## I. DISCUSSION

*A. Failure to State a Claim*

A district court's sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed de novo, using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissals under Rule 12(b)(6) are reviewed assuming all allegations in the complaint are true. *Id.* A formulaic recitation of the elements of a claim is not sufficient to survive a dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, to prevent dismissal for failure to state a claim, plaintiffs must allege sufficient

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] *Giglio v. United States*, 405 U.S. 150 (1972).

[3] Moore also argues his claims were not barred by the statute of limitations. However, because the district court did not reach this issue, we will not address it in the first instance. *McKissick v. Busby*, 936 F.2d 520, 522 (11th Cir. 1991).

facts to state a claim for relief that is "plausible on its face." *Id.* at 570. Additionally, we have stated that "conclusory allegations, unwarranted deductions or facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Prosecutors are required to disclose evidence that is favorable to a criminal defendant when that evidence is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Failure to disclose upon a defendant's request is a due process violation. *Id.* If the undisclosed evidence would have been reasonably likely to change the outcome of a verdict, the defendant is entitled to a new trial. *Giglio v. United States*, 405 U.S. 150, 154 (1972). However, when a defendant pleads guilty, he "forgoes not only a fair trial, but also other accompanying constitutional guarantees." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). There is no constitutional requirement for the prosecution "to disclose material impeachment evidence prior to entering a guilty plea with a criminal defendant." *Id.* at 633.

Here, the district court properly dismissed Moore's complaint for failure to state a claim. Many of Moore's allegations are conclusory and lack factual support. He fails to explain how any alleged action or policy by the City violated his *Brady* rights or how his rights were violated at all when the prosecution is not required to disclose material impeachment evidence to a defendant prior to the entry of a guilty plea. *Ruiz*, 536 U.S. at 633. Because there was

no constitutional violation alleged, there is no basis for a § 1983 claim.

**AFFIRMED.**[4]

---

[4] In light of our decision affirming the district court's dismissal of Moore's complaint for failure to state a claim, we need not address the district court's alternate holding that the claim was barred by *res judicata*.