**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12421

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ISRAEL ROJAS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20580-RS-1

_____

Before LUCK, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Israel Rojas, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motion for compassionate release, 18 U.S.C. § 3582(c)(1). After careful review, we vacate and remand.

Rojas, who is serving an 180-month sentence, filed a motion for compassionate release in June 2025, relying in part on his recent cancer diagnosis. The government opposed Rojas's motion, arguing, in relevant part, that he had failed to exhaust his administrative remedies, under 18 U.S.C. § 3582(c)(1)(A). The government did not argue that Rojas's motion should be denied on the merits. After receiving the government's response, the district court denied Rojas's motion in a paperless order, explaining that Rojas had "failed to exhaust his administrative remedies."

In his *pro se* brief on appeal, Rojas argues that he did, in fact, exhaust his administrative remedies. The government now agrees. While we need not accept the government's concession, *United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009), we agree with both parties—Rojas exhausted his administrative remedies, *see* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (explaining § 3582(c)(1)(A)'s exhaustion requirement and noting that it can be waived or forfeited).

The government urges us to affirm on the merits nonetheless, noting that we may affirm on any basis supported by the record. We decline to do so here. The district court did not address the merits and we "generally 'will not consider issues which the district court did not decide.'" *MSP Recovery Claims, Series LLC v. Metro Gen. Ins. Co.*, 40 F.4th 1295, 1306 (11th Cir. 2022) (quoting *McKissick v. Busby*, 936 F.2d 520, 522 (11th Cir. 1991)); *see also Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not

25-12421                Opinion of the Court                3

passed on below."). After all, we are "a court of review, not a court of first view." *Callahan v. U.S. Dep't of Health & Hum. Servs. ex rel. Azar*, 939 F.3d 1251, 1266 (11th Cir. 2019). Moreover, the government did not present its merits arguments to the district court in the first instance, and we typically require all parties to raise arguments to the district court if they wish to rely on them on appeal.[1] Accordingly, we decline to address these issues in the first instance ourselves.

---

[1] *See, e.g., Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1111 (11th Cir. 2020) ("[T]o preserve a claim, argument, theory, or defense on appeal, [an appellee] must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it." (quoting *Juris v. Inamed Corp.*, 685 F.3d 1294, 1325 (11th Cir. 2012))). These principles of party presentation apply to private parties and the government alike. *See United States v. Campbell*, 26 F.4th 860, 875 (11th Cir. 2022) (*en banc*) ("The government failed to brief the good-faith exception on appeal. Accordingly, the exception is forfeited."). In addition, whether a movant qualifies for compassionate release under 18 U.S.C. § 3582(c)(1)(A) can entail factual findings. *See United States v. Robelo-Galo*, 166 F.4th 1311, 1316–17 (11th Cir. 2026) (explaining that the U.S.S.G. § 1B1.13(b)(3) element of the compassionate release inquiry can be "fact-intensive" and turn on "'case-specific factual issues'" (quoting *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024))). Appellate courts "'are not fact-finders[;]' . . . it is the district court's role to find the facts . . . ." *United States v. Noriega*, 676 F.3d 1252, 1263 (11th Cir. 2012) (quoting *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993)).

We therefore vacate the district court's ruling, which denied Rojas's motion solely for failure to exhaust administrative remedies. We express no opinion on whether Rojas is ultimately eligible for compassionate release.

**VACATED AND REMANDED.**